IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Isaac Williams,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) No: 12-cv-6361 |
| v. | ) |
| | ) |
| **Dent-A-Med Inc., an Oklahoma corporation,** | ) |
| d/b/a HC Processing Center, Inc.; and Unknown | ) |
| **Debt Collection Agents, Individually, and as** | ) |
| **Agents, Apparent Agents, Servants, and/or** | ) |
| **Employees of Dent-A-Med, Inc.,** | ) |
| | ) **JURY DEMANDED** |
| **Defendants.** | ) |

**COMPLAINT AT LAW**

**NOW COMES Plaintiff**, **Isaac Williams**, by his Attorneys, Robert J. Semrad & Associates, L.L.C., and pursuant to this Complaint at Law, states the following against the above named **Defendants**

**JURISDICTION**

1. The jurisdiction of the court is invoked pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Venue is proper as the actions that give rise to this complaint occurred, **Plaintiff** resides, and **Defendants** conduct business within this District.

**PARTIES**

2. **Plaintiff** is a citizen of the County of Cook, State of Illinois, and is a "consumer" as that term is defined by 15 U.S.C. § 1692(a)(3).

3. **Dent-A-Med Inc.**, is an Oklahoma corporation, doing business as HC Processing Center, Inc. (hereinafter referred to as "**HC**"), conducting business in the County of Cook, State of Illinois, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

4. **Defendants, Unknown Debt Collection Agents**, are each natural persons conducting business in the County of Cook, State of Illinois, and are each a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

1

5. At all relevant times, **Unknown Debt Collection Agents** were the agents, apparent agents, servants, and/or employees of **HC**, and each was acting in the course and scope of his or her agency, servitude and/or employment.

## FACTUAL ALLEGATIONS

6. Prior to 2011, **Plaintiff** allegedly incurred a consumer debt to Icon in the approximate amount of $2,224.53.

7. This debt was for personal consumer use.

8. This debt was a "debt" as that term is defined by 15 U.S.C. § 1692(a)(5).

9. On April 5, 2011, **Plaintiff** filed a petition for Chapter 7 bankruptcy protection in the Northern District of Illinois, Eastern Division, case number 11-B-14494.

10. The debt to Icon was listed in schedule F of **Plaintiff's** bankruptcy petition.

11. On or about April 8, 2011, the United States Bankruptcy Clerk sent notice of **Plaintiff's** bankruptcy filing to all creditors/collectors listed in his petition, including Icon, by first class mail.

12. **Plaintiff** received a Chapter 7 bankruptcy discharge on or around July 7, 2011.

13. On or around July 2011, **Plaintiff** received a call from an **Unknown Debt Collection Agent** in an attempt to collect the consumer debt.

14. During said telephone call, **Plaintiff** informed said **Unknown Debt Collection Agent** that he had filed a Chapter 7 bankruptcy and that he was represented by Robert J. Semrad & Associates, to which, **Unknown Debt Collection Agent** hung up the phone on **Plaintiff**.

15. On or about September, 2011 **Plaintiff** received a call from an **Unknown Debt Collection Agent** in an attempt to collect the consumer debt.

16. During said telephone call, **Plaintiff** informed said **Unknown Debt Collection Agent** that he had filed a Chapter 7 bankruptcy and that he was represented by Robert J. Semrad & Associates, to which, **Unknown Debt Collection Agent** hung up the phone on **Plaintiff**.

17. Thereafter, on or about October, 2011, **Unknown Debt Collection Agent** telephoned **Plaintiff** in an attempt to collect a debt.

18. During said telephone call, **Plaintiff** again said that he had filed a Chapter 7 bankruptcy petition with the law offices of Robert J. Semrad & Associates.

19. During said telephone conversation, **Unknown Debt Collection Agent** stated that **Plaintiff's** account was not going away.

20. During said telephone conversation, **Unknown Debt Collection Agent** stated **Plaintiff** could not include said debt in his bankruptcy.

21. On or around November 2011 **Plaintiff** received another call from an **Unknown Debt Collection Agent** in an attempt to collect a consumer debt.

22. During said telephone conversation, **Plaintiff** reiterated to **Unknown Debt Collection Agent** that he had filed for bankruptcy with the law offices of Robert J. Semrad & Associates, to which, **Unknown Debt Collection Agent** stated that they would check into it.

23. **Plaintiff** has received two collection letters from **HC** since receiving his bankruptcy discharge.

24. As a direct and proximate result of the aforesaid harassment, **Plaintiff** suffered injuries of a personal and pecuniary nature including, but not limited to: anxiety, embarrassment, and emotional and physical harm.

## COUNT I
## Plaintiff v. All Defendants
## Fair Debt Collection Practices Act

1-24. **Plaintiff** restates and re-alleges paragraphs 1-24, as and for paragraphs 1-24 of Count I, as though fully set forth herein.

25. The aforementioned telephone calls from **Unknown Debt Collection Agents,** to **Plaintiff,** were collection communications in violation of provisions of the FDCPA, as aforesaid.

26. As a direct and proximate result of the aforementioned actions, **Plaintiff** suffered injuries of a personal and pecuniary nature including, but not limited to: anxiety, embarrassment, and emotional harm, physical harm.

27. As a result of **Defendants'** violations of the FDCPA, **Plaintiff** is entitled to actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1); statutory damages in an amount up to

3

$1,000.00 per incident pursuant to 15 U.S.C. § 1692(k)(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692(k)(a)(3) from **Defendants**.

   **WHEREFORE**, **Plaintiff** prays that judgment be entered

- against **Defendant, HC** and **Unknown Debt Collection Agents,** Individually, and as agents, apparent agents, servants, and/or employees of **Enterprise,** and each of them, and in favor of **Plaintiff**, for an award of actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1);

- against **Defendant,** and **Unknown Debt Collection Agents,** Individually, and as agents, apparent agents, servants, and/or employees of **HC,** and each of them, and in favor of **Plaintiff**, for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692(k)(a)(2)(A);

- against **Defendant, HC** and **Unknown Debt Collection Agents,** Individually, and as agents, apparent agents, servants, and/or employees of **HC,** and each of them, and in favor of **Plaintiff,** for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k)(a)(3); and;

- for any other such further relief as may be just and proper.

### COUNT II
### Plaintiff v. HC
### Negligence

1-24.  **Plaintiff** restates and re-alleges paragraphs 1-24, as and for paragraphs 1-24 of Count II, as though fully set forth herein.

25.  At all times relevant, **HC**, by and through its agents, servants, and/or employees, knew, or should have known, that **Unknown Debt Collection Agents** were likely to violate provisions of the FDCPA when collecting debts from **Plaintiff** and others, at the time it hired **Unknown Debt Collection Agents**.

26.  At all times relevant, **HC**, by and through its agents, servants, and/or employees, knew, or should have known, that **Unknown Debt Collection Agents** were violating provisions of the FDCPA when collecting debts from **Plaintiff** and others, throughout the employ of **Unknown Debt Collection Agents**.

27. At all times relevant, **HC**, by and through its agents, servants, and/or employees, knew, or should have known, that **Unknown Debt Collection Agents**, required proper training in order to comply with the FDCPA and that without proper training were likely to violate the FDCPA.

28. At all times relevant, **HC** had a duty to exercise due care in the hiring, retention, training, and supervision of the debt collectors in its employ.

29. Notwithstanding the aforesaid duty, **HC**, by and through its agents, apparent agents, servants, and or employees breached their duty in one or more of the following ways:

   a. Carelessly and negligently hired **Unknown Debt Collection Agents**;

   b. Carelessly and negligently failed to properly train **Unknown Debt Collection Agents**;

   c. Carelessly and negligently retained **Unknown Debt Collection Agents**; and

   d. Carelessly and negligently, failed to properly supervise **Unknown Debt Collection Agents**.

30. As a direct and proximate result of the aforementioned actions and/or omissions, **Unknown Debt Collection Agents** violated the FDCPA as aforesaid while attempting to collect a debt from **Plaintiff**.

31. As a direct and proximate result of the aforementioned actions and/or omissions, **Plaintiff** suffered injuries of a personal and pecuniary nature including, but not limited to: anxiety, embarrassment, and emotional and physical harm.

   **WHEREFORE**, **Plaintiff** prays that judgment be entered:

- against **Defendant, HC**, and in favor of **Plaintiff**, for an award of actual damages;
- against **Defendant, HC**, and in favor of **Plaintiff**, for an award of costs of suit; and
- for any other such further relief as may be just and proper.

## COUNT III

## Plaintiff v. HC
### Willful, Wanton Behavior

1-24. **Plaintiff** restates and re-alleges paragraphs 1-24 of the common counts, as and for paragraphs 1-24 of Count III, as though fully set forth herein.

25. At all times relevant, **HC**, by and through its agents, servants, and/or employees, knew, or should have known, that **Unknown Debt Collection Agents** were likely to violate provisions of the FDCPA when collecting debts from **Plaintiff** and others, at the time it hired **Unknown Debt Collection Agents**.

26. At all times relevant, **HC**, by and through its agents, servants, and/or employees, knew, or should have known, that **Unknown Debt Collection Agents** were violating provisions of the FDCPA when collecting debts from **Plaintiff** and others, throughout the employ of **Unknown Debt Collection Agents**.

27. At all times relevant, **HC**, by and through its agents, servants, and/or employees, knew, or should have known, that **Unknown Debt Collection Agents**, required proper training in order to comply with the FDCPA and that without proper training were likely to violate the FDCPA.

28. At all times relevant, **HC** had a duty to exercise due care in the hiring, retention, training, and supervision of the debt collectors in its employ.

29. Notwithstanding the aforesaid said duty, in conscious disregard to, and in utter disregard for the rights of those it was attempting to collect from, including **Plaintiff**, **HC**, by and through its agents, apparent agents, servants, and or employees acted willfully and wantonly in one or more of the following ways:

    a. Willfully and wantonly hired **Unknown Debt Collection Agents**;
    b. Willfully and wantonly failed to properly train **Unknown Debt Collection Agents**;
    c. Willfully and wantonly retained **Unknown Debt Collection Agents**; and
    d. Willfully and wantonly failed to properly supervise **Unknown Debt Collection Agents**.

30. As a direct and proximate result of the aforementioned actions and/or omissions, **Unknown Debt Collection Agents** violated the FDCPA as aforesaid while attempting to collect a debt from **Plaintiff**.

31. As a direct and proximate result of the aforementioned actions and/or omissions, **Plaintiff** suffered injuries of a personal and pecuniary nature including, but not limited to: anxiety, embarrassment, and emotional and physical harm.

**WHEREFORE**, **Plaintiff** prays that judgment be entered:

- against **Defendant, HC**, and in favor of **Plaintiff**, for an award of actual damages;
- against **Defendant, HC**, and in favor of **Plaintiff**, for an award of punitive damages;
- against **Defendant, HC**, and in favor of **Plaintiff**, for an award of costs of suit; and
- for any other such further relief as may be just and proper.

Respectfully Submitted,

/s/ Christian D. Elenbaas
Christian D. Elenbaas
ARDC 6291530

Robert J. Semrad & Associates, L.L.C.
*Attorneys for Plaintiff*
20 S. Clark St., 28th Floor
Chicago, Illinois 60603
Ph 312-913-0625 ext. 170
Fax 312-476-8530